UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 07-231-GWU

JOHN E. MASSINGALE,                                                    PLAINTIFF,

VS.                              **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,                          DEFENDANT.

**INTRODUCTION**

John Massingale brought this action to obtain judicial review of an unfavorable administrative decision on his applications for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI).  The case is before the court on cross-motions for summary judgment.

**APPLICABLE LAW**

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial review of Social Security disability benefit cases:

1.    Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled.  If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2.    Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3.  If no, the claimant is not disabled.  See 20 C.F.R. 404.1508, 416.908.

3.    Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities?  If yes, proceed to

1

07-231  John E. Massingale

   Step 4.  If no, the claimant is not disabled.  <u>See</u> 20 C.F.R.
   404.1520(c), 404.1521, 416.920(c), 461.921.

4.     Can the claimant's severe impairment(s) be expected to result
       in death or last for a continuous period of at least 12 months?
       If yes, proceed to Step 5.  If no, the claimant is not disabled.
       <u>See</u> 20 C.F.R. 404.920(d), 416.920(d).

5.     Does the claimant have any impairment or combination of
       impairments meeting or equaling in severity an impairment
       listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of
       Impairments)?  If yes, the claimant is disabled.  If no, proceed
       to Step 6.  <u>See</u> 20 C.F.R. 404.1520(d), 404.1526(a),
       416.920(d), 416.926(a).

6.     Can the claimant, despite his impairment(s), considering his
       residual functional capacity and the physical and mental
       demands of the work he has done in the past, still perform this
       kind of past relevant work?  If yes, the claimant was not
       disabled.  If no, proceed to Step 7.  <u>See</u> 20 C.F.R.
       404.1520(e), 416.920(e).

7.     Can the claimant, despite his impairment(s), considering his
       residual functional capacity, age, education, and past work
       experience, do other work--i.e., any other substantial gainful
       activity which exists in the national economy?  If yes, the
       claimant is not disabled.  <u>See</u> 20 C.F.R. 404.1505(a),
       404.1520(f)(1), 416.905(a), 416.920(f)(1).

<u>Garner v. Heckler</u>, 745 F.2d 383, 387 (6th Cir. 1984).

       Applying this analysis, it must be remembered that the principles pertinent

to the judicial review of administrative agency action apply.  Review of the

Commissioner's decision is limited in scope to determining whether the findings of

fact made are supported by substantial evidence.  <u>Jones v. Secretary of Health and

Human Services</u>, 945 F.2d 1365, 1368-1369 (6th Cir. 1991).  This "substantial

2

07-231  John E. Massingale

evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight.  Garner, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim.  Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982).  This presumes, of course, that the treating physician's opinion is based on objective medical findings.  Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984).  Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary.  Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987).  These have long been well-settled principles within the Circuit.  Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain.  Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms.  20 C.F.R. § 404.1529 (1991).  However, in evaluating a claimant's allegations of disabling pain:

3

07-231  John E. Massingale

>    First, we examine whether there is objective medical evidence of an
>    underlying medical condition.  If there is, we then examine:  (1)
>    whether objective medical evidence confirms the severity of the
>    alleged pain arising from the condition; or (2) whether the objectively
>    established medical condition is of such a severity that it can
>    reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir.

1986).

Another issue concerns the effect of proof that an impairment may be

remedied by treatment.  The Sixth Circuit has held that such an impairment will not

serve as a basis for the ultimate finding of disability.  Harris v. Secretary of Health

and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984).  However, the same

result does not follow if the record is devoid of any evidence that the plaintiff would

have regained his residual capacity for work if he had followed his doctor's

instructions to do something or if the instructions were merely recommendations.

Id.  Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106,

1113 (6th Cir. 1986).

In reviewing the record, the Court must work with the medical evidence

before it, despite the plaintiff's claims that he was unable to afford extensive medical

work-ups.  Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592

(6th Cir. 1987).  Further, a failure to seek treatment for a period of time may be a

factor to be considered against the plaintiff, Hale v. Secretary of Health and Human

Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way

4

07-231  John E. Massingale

to afford or obtain treatment to remedy his condition, <u>McKnight v. Sullivan</u>, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step six refers to the ability to return to one's past relevant category of work. <u>Studaway v. Secretary</u>, 815 F.2d 1074, 1076 (6th Cir. 1987).  The plaintiff is said to make out a <u>prima facie</u> case by proving that he or she is unable to return to work. <u>Cf. Lashley v. Secretary of Health and Human Services</u>, 708 F.2d 1048, 1053 (6th Cir. 1983).  However, both 20 C.F.R. § 416.965(a) and 20 C.F.R. § 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all.  Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case.  <u>Id.</u> at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had.  <u>E.g.</u>, <u>Faucher v. Secretary of Health and Human Services</u>, 17 F.3d 171 (6th Cir. 1994).  One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

5

07-231  John E. Massingale

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities.  20 C.F.R. § 404.1567(b).  "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing.  20 C.F.R. § 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990).  If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid.  Ibid.

6

07-231  John E. Massingale

In such cases, the agency may be required to consult a vocational specialist. <u>Damron v. Secretary</u>, 778 F.2d 279, 282 (6th Cir. 1985).  Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments.  <u>Varley v. Secretary of Health and Human Services</u>, 820 F.2d 777 (6th Cir. 1987).

**DISCUSSION**

The Administrative Law Judge (ALJ) concluded that Massingale, a 50-year-old former roofer helper with a "limited" education, suffered from impairments related to a history of atrial fibrillation, a history of arthritis of the left shoulder, degenerative joint disease, borderline intellectual functioning, a history of anxiety, and a history of alcohol abuse in remission.  (Tr. 17, 19).  While the plaintiff was found to be unable to return to his past relevant work, the ALJ determined that he retained the residual functional capacity to perform a restricted range of light level work.  (Tr. 23).  Since the available work was found to constitute a significant number of jobs in the national economy, the claimant could not be considered totally disabled.  (Id.).  The ALJ based this decision, in large part, upon the testimony of a vocational expert.  (Tr. 22).

07-231  John E. Massingale

Massingale filed applications for both DIB (Tr. 68-70) and SSI (Tr. 282-185). The plaintiff's DIB-insured status expired on December 31, 1996.[1]  (Tr. 22).  The ALJ noted that prior DIB applications by the claimant had become final on July 21, 1998 and June 29, 2001.  (Tr. 16).  These prior determinations were not reopened on the current application.  (Tr. 16-17).  Since Massingale had already been found not disabled on the prior DIB application for all time periods in which he was DIB-insured, he was found not eligible for DIB on the current application.  (Id.).  Thus, the only issue before the court concerns the SSI application.

After review of the evidence presented, the undersigned concludes that the administrative decision is supported by substantial evidence for at all times prior to his 50th birthday.[2]  (Tr. 80).  This portion of the administrative decision will be affirmed.

The hypothetical question presented to Vocational Expert Katherine Bradford included an exertional limitation to light level work along with such non-exertional restrictions as (1) the need for a sit/stand option in intervals of 30 minutes; (2) an inability to ever climb ladders, ropes or scaffolds; (3) a need to avoid work requiring more than occasional overhead reaching with left upper extremity; (4) a need to

---

[1] The plaintiff alleged a disability onset date of February 12, 1993.  (Tr. 68).

[2] See the reference list for the date of the plaintiff's birth.  The reference list is to be released only to the plaintiff, the plaintiff's counsel or government counsel.

07-231  John E. Massingale

avoid exposure to hazardous machinery, unprotected heights, or extreme cold; (5) a "moderately" limited ability to maintain attention and concentration for extended time periods, interact appropriately with the general public, travel in unfamiliar places, respond to supervisory criticism, work in contact with others and respond appropriately to changes in the work setting; and (6) a limitation to routine, simple, non-detailed tasks where public and co-worker contact was casual and infrequent, where supervision was direct and non-confrontational and where changes in the work force were infrequent and gradually introduced. (Tr. 107-108). In response, the witness identified a significant number of jobs which could still be performed. (Tr. 108). Therefore, assuming that the vocational factors considered by Bradford fairly characterized Massingale's condition, then a finding of disabled status, within the meaning of the Social Security Act, is precluded for the time period prior to his 50th birthday.

With regard to the framing of the physical factors of the hypothetical question, the undersigned finds no error. Dr. Bobby Kidd examined Massingale and noted no functional limitations. (Tr. 268). The hypothetical question was consistent with this opinion. Dr. Hughes Helm, another examiner, opined that the plaintiff would have some restriction in lifting, carrying, sitting, and handling objects. (Tr. 172). The hypothetical factors were essentially compatible with this opinion. Dr. Kenneth Phillips (Tr. 183-193) and Dr. Calixto Hernandez (Tr. 213-221), the non-

9

07-231  John E. Massingale

examining medical reviewers, each indicated that the claimant would be restricted to medium level work reduced from a full range by an inability to more than occasionally climb ladders, ropes or scaffolds, and crawl.  The hypothetical question was also essentially consistent with these restrictions.[3]  The staff at Appalachian Regional Healthcare, Massingale's treating source, did not identify the existence of more severe physical restrictions than those found by the ALJ.  (Tr. 114-168, 241-262).   The reports provide substantial evidence to support the administrative decision.

The ALJ also dealt properly with the evidence of record relating to Massingale's mental status.  Psychologist Phil Pack examined the plaintiff and diagnosed an anxiety disorder, alcohol dependency in remission, and borderline intelligence.  (Tr. 181).  Pack did not impose more severe mental restrictions than those found by the ALJ.  Psychologists Edward Stodola (Tr. 194-195) and Lea Perritt (Tr. 222-223), the non-examining medical reviewers, each opined that the claimant would be "moderately" limited in such areas as carrying out detailed instructions, maintaining attention and concentration, interacting appropriately with the general public, and responding to changes in the work setting.  These limitations

---

[3]The ALJ omitted a crawling restriction.  However, Social Security Ruling 85-15 states that crawling would not be required in most jobs and, so, this would not appear to be a significant omission.

10

07-231  John E. Massingale

were presented to the vocational expert.  Therefore, the hypothetical question fairly characterized Massingale's mental condition.

Massingale argues that the ALJ erred in his evaluation of his mental impairment and its effect on his ability to work.  The plaintiff notes that 20 C.F.R. § 416.920a outlines procedures that the administration is required to follow in assessing a mental impairment.  Under these regulations, when there is evidence of a mental impairment, the ALJ is required to rate the degree of functional loss in four areas.  These areas are (1) activities of daily living; (2) social functioning; (3) concentration, persistence, or pace; and (4) episodes of decompensation.  20 C.F.R. § 416.920a(c)(3).  The claimant asserts that the ALJ failed to comply with this requirement.  However, the ALJ rated the plaintiff's limitation as "mild to moderate" in activities of daily living, "mild to moderate" in social functioning, "mild" in concentration, persistence, or pace and "none" in episodes of decompensation in a footnote attached to the text of his decision.  (Tr. 19).  The ALJ extensively discussed the claimant's mental problems in the body of his decision and included a number of mental restrictions in his residual functional capacity assessment.  (Tr. 19-21).  As previously noted, these mental restrictions were included in the hypothetical question presented to the vocational expert, along with a number of physical restrictions.  Therefore, the ALJ clearly did properly consider Massingale's mental impairment and the undersigned finds no error.

11

07-231  John E. Massingale

The court turns to the issue concerning whether Massingale was disabled as of his 50th birthday.  Rule 202.09 of the Medical-Vocational Guidelines mandates a finding of disabled status for one closely approaching advanced age,[4] illiterate or unable to communicate in English, and with a history of unskilled work or no work history.  In the present action, the ALJ relied upon Rule 202.11 as a framework for the decision which mandates a finding of not disabled for one closely approaching advanced age, with a limited or less education and history of skilled or semi-skilled non-transferable work.  (Tr. 23).  However, examination of the current record suggests that Rule 202.09 was the more appropriate Rule to apply.

Massingale was found to have a "limited" education by the ALJ on the current appeal.  (Id.).  This was based upon his ninth grade level of formal schooling to which the plaintiff testified.  (Tr. 300).  A numerical grade level is properly used to determine a claimant's educational level only if contradictory evidence does not exist.  20 C.F.R. § 416.964(b).  However, Pack administered the Wide Range Achievement Test-III which revealed that the claimant read at the second grade level.  (Tr. 180).  The Sixth Circuit Court of Appeals has indicated that a reading level at the level of the third grade or below constitutes illiteracy.  Skinner v. Secretary of Health and Human Services, 902 F.3d 447, 448 (6th Cir. 1990).  Pack

---

[4]"Closely approaching advanced age" is defined as ages 50 to 54.  20 C.F.R. Part 404, Subpart P, Appendix § 201.00(g).

12

07-231  John E. Massingale

did not state that this testing was invalid.  Massingale's results on the Rey 15 Item Test were not below the level suggesting he did not make a maximum effort upon testing.  (Tr. 181).  Therefore, Pack's achievement testing provides contradictory evidence concerning the grade level of Massingale's education.

With regard to Massingale's work history, the plaintiff listed only the job of roofer helper on his Disability Report.  (Tr. 84).  This work was performed between 1976 and 1991.  (Id.).  The vocational expert testified that this work was unskilled.  (Tr. 313).  Thus, this job would not place the claimant within the ambit of Rule 202.11 which requires a history of skilled or semi-skilled work.  In the June 29, 2001 administrative decision, the ALJ did find that Massingale had past work as a packer/order filler which had been semi-skilled.  (Tr. 42).  However, it is unclear when this position was held.  The administrative regulations define past work as "work you have done within the past 15 years, that was substantial and gainful activity, and that lasted long enough for you to learn to do it."  20 C.F.R. § 416.960(b)(1).  The packer/order filler job was not listed on the Disability Report and if it was performed more than 15 years before the ALJ's decision, would not constitute past relevant work under the federal regulations.  Therefore, further consideration is required concerning whether the plaintiff should have been found disabled under Rule 202.09 upon reaching his 50th birthday.

13

07-231  John E. Massingale

The undersigned concludes that the administrative decision must be affirmed with regard to all times prior to his 50th birthday and reversed and remanded for further consideration with regard to all time subsequent to this date.  Therefore, the defendant's summary judgment motion will be granted in part with regard to the time period prior to the 50th birthday and denied in part with regard to the later time period while the plaintiff's summary judgment motion will be granted in part with regard to the later time period.  A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 23rd day of April, 2008.

**Signed By:**

**G. Wix Unthank**

**United States Senior Judge**

14